# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Charles Wilson, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05 C 6590 |
| | ) |
| The Master's Miracle, Inc., | ) |
| A corporation, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER AND OPINION

MARVIN E. ASPEN, District Judge:

Defendant Master's Miracle, Inc. ("Master's Miracle") removed a products liability action from the Circuit Court of Cook County, Illinois to the Northern District of Illinois on the basis of diversity jurisdiction. Presently before us is Plaintiff Charles Wilson's motion to remand the case to state court. For the following reasons we grant plaintiff's motion.

## BACKGROUND

Charles Wilson filed a products liability action against Master's Miracle in the Circuit Court of Cook County, Illinois, on October 6, 2005 (No. 2005 L 10974). (Pet. for Removal ¶¶ 1-2; Mot. for Remand ¶ 4.) Master's Miracle was properly served with the summons and complaint through its agent, Mike Schlegal, on October, 18, 2005. (Mot. for Remand ¶ 5, Ex. A.) Thirty-one days later,[1] on November 18, Master's Miracle filed a petition for removal to federal court based on

---

[1] According to Federal Rule of Civil Procedure 6(a),
> [i]n computing any period of time ... the day of the act ... from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal

diversity jurisdiction pursuant to 28 U.S.C. § 1441. Claiming that the removal petition is untimely, Wilson has moved to remand the action to state court.

**ANALYSIS**

Defendants can remove cases filed in state court to federal court pursuant to 28 U.S.C. § 1441(a) when 1) the plaintiff properly commenced the action in state court and 2) the federal court has original jurisdiction. *See Nuclear Eng'g Co. v. Scott,* 660 F.2d 241, 248 (7th Cir. 1981). A federal court has original jurisdiction where diversity of citizenship exists among all parties and the amount in controversy exceeds $75,000. 28 U.S.C. 1332(a)(1); *see also Clemons v. Ferolito, Vultaggio & Sons, et al.*, No. 03 C 2989, 2004 U.S. Dist. LEXIS 1369, at *3 (N.D. Ill. Feb. 2, 2004). "The defendant bears the burden of establishing removability, and all doubts about federal jurisdiction are resolved in favor of remand to state court." *Peirick v. Hooters of Am.*, No. 05 C 4391, 2005 WL 2171184, at *1 (N.D. Ill. Aug. 31, 2005); *see also Clemons*, 2004 U.S. Dist. LEXIS 1369, at *6 ("[T]he party seeking to preserve removal [] bears the burden of establishing by a preponderance of the evidence, that it complied with the requirements of the removal statute.").

In addition to jurisdictional pre-requisites, defendants must comply with the procedures outlined in § 1446 to successfully remove a case to federal court. 28 U.S.C. § 1446. Specifically, defendants must file a notice of removal within 30 days from service of the complaint or if "the initial pleading is not removable ... within thirty days after receipt ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertainable that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Wilson argues that Master's Miracle

---

holiday ...
Fed. R. Civ. P. 6(a).

failed to comply with these procedural requirements. We agree.

*1. Diversity Jurisdiction*

Master's Miracle relies on diversity jurisdiction for removal of Wilson's products liability action to federal court. "The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the complete diversity and amount in controversy requirements were met at the time of removal." *Peirick*, 2005 WL 2171184, at*2. To satisfy that burden, a party must submit "competent proof" to buttress allegations of jurisdiction. *Id.*; *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *1 (N.D. Ill. Jan. 21, 2003). "This standard requires a defendant to offer evidence that proves, to a reasonable probability, that jurisdiction exists." *Peirick*, 2005 WL 2171184, at *2.

Master's Miracle successfully established the first prong of diversity jurisdiction: it is undisputed that complete diversity exists between the parties. However, defendant did not meet its burden with respect to the second prong, i.e. establishing that the amount in controversy exceeds $75,000. First, the disputed amount is not apparent from the complaint. *See Schacht v. Ethicon*, 881 F. Supp. 348, 349 (N.D. Ill. 1995) (remanding case for fact finding where amount in controversy was not obvious from the complaint). Second, Master's Miracle, Inc. offers no support for its assertion that "on information and belief this dispute exceeds $75,000 in controversy based upon the plaintiff's alleged injuries." (Pet. for Removal ¶ 5.) In *Peirick*, the court remanded the case to state court in part because the defendant submitted no evidence to support its conclusory allegation that the amount in controversy exceeded $75,000 and the disputed amount was not obvious from the plain language of the complaint. 2005 WL 2171184, at *2. Similarly, the amount in controversy is not clear from the face of Wilson's complaint and we have no way of gauging how Master's

Miracle concluded that the disputed amount exceeds $75,000 because the defendant failed to proffer any evidence. Further, defendant concedes the importance of such evidence in its reply to the instant motion: "This is not a case where ... the defendants would be put on notice that this case would exceed damages in excess of $75,000 by the nature of the claim." Therefore, we cannot say that defendant met its burden to establish a reasonable probability of diversity jurisdiction and we must remand the case to state court. *See* 28 U.S.C. 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## 2. Timeliness of Notice of Removal

In addition to failing to satisfy the jurisdictional requirements, Master's Miracle did not comply with the procedures governing removal. Under § 1446(b), a petition for removal *must* be filed within thirty days after the defendant, through service or otherwise, receives a copy of the complaint. 28 U.S.C.§ 1446(b). "Although the 30-day time limit in § 1446(b) is not jurisdictional, it is mandatory and strictly applied."[2] *Citibank, N.A. v. Grafmeyer*, No. 05 C 3680, 2005 WL 1799280, at *1 (N.D. Ill. Jul. 27, 2005) (quoting *McCoy v. Gen'l Motors Corp.*, 226 F. Supp. 2d 939, 943 (N.D. Ill. 2002)); *see also Dial-In, Inc. v. ARO Corp.,* 620 F. Supp. 27, 29 (N.D. Ill. 1985) ("The 30-day period set forth in § 1446(b) ... cannot be extended by consent of the parties or by court orders."); *Perrin v. Walker*, 385 F. Supp. 945, 947 (N.D. Ill. 1974) (same). For example, the *Citibank* court remanded a case to state court because the defendant filed his notice of removal eight days late. *Id*. at *1, 3. Similarly, the court in *City of Chicago v. Arnold,* No. 86 C 7193, 1986 WL 11616, at *2 (N.D. Ill. Oct. 10, 1986), found a petition for removal untimely because it was filed

---

[2] Defendant's reliance on Local Rule 81.2 is misplaced. The Local Rules Committee withdrew Rule 81.2, which used to govern removal procedures in Illinois, on April 25, 2005 because the rule "impose[d] burdens on the manner in which lawyers practice[d] ... without significant benefit and without clear authority to do so." See Committee Comment to Local Rule 81.2.

three days late.  Like the defendants in *Citibank* and *Arnold*, Master's Miracle filed its notice of removal after the 30-day time limit expired.

In an attempt to skirt the rigidity of the 30-day requirement, defendant relies on the second portion of § 1446(b), which provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...

28 U.S.C. § 1446(b).  That provision, however, is inapplicable given the absence of any "amended pleading, motion, order or other paper" indicating the existence of an amount in controversy exceeding $75,000.  *Id*.  Defendant misinterprets the statute to allow defendants to remove an action to federal court *before* federal jurisdiction can be established.  (*See* Rep. to Mot. for Remand at 4-6.) Citing judicial economy as the rationale for its argument, Master's Miracle claims that § 1446(b) permits us to retain jurisdiction "in order to allow the defendant to propound an interrogatory as to the value of the case or to determine the value of the same." (*Id.* at 6.)   However, without jurisdiction we have no authority to preside over discovery matters.  Defendant should have submitted an interrogatory or a request to admit to Wilson *before* attempting to remove the action to federal court so that it could sustain its burden to establish federal jurisdiction.

## CONCLUSION

For the reasons set forth above, we remand the case to the Circuit Court of Cook County. Because the case was improvidently removed from state court, Master's Miracle must pay Wilson the costs and attorney's fees incurred in opposing removal.[3]  28 U.S.C. 1446(d).  It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated:1/19/06

---

[3] The parties should be able to determine the amount of costs due Wilson without our assistance and should then present an appropriate draft order to use.  If this proves not to be the case, Wilson should promptly file with us a statement itemizing his costs.